1
2
3                        UNITED STATES DISTRICT COURT

4                             DISTRICT OF NEVADA

5                                     * * *

6   UNITED STATES OF AMERICA,              Case No. 3:13-cr-000108-MMD-VPC

7                         Plaintiff,                    ORDER

8            v.

    VAN MCDUFFY,
9
                          Defendant.
10

11  **I.    SUMMARY**

12          Defendant Van McDuffy is serving two consecutive life sentences at United States

13  Penitentiary McCreary ("USP McCreary") for one count of bank robbery with a dangerous

14  weapon resulting in death, and one count of using a firearm during a crime of violence

15  causing death. (ECF No. 126 at 2.) Before the Court is McDuffy's motion for

16  compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the "extraordinary

17  and compelling reasons" presented by the COVID-19 pandemic[1] as applied to his health

18  and particular circumstances.[2] (ECF No. 155 (the "Motion").) Even assuming McDuffy is

19  at increased risk of contracting a severe case of COVID-19 given his significant medical

20  history, the Court agrees with the government that the 18 U.S.C. § 3553(a) sentencing

21  factors weigh definitively against releasing him. Therefore, and as further explained

22  below, the Court will deny McDuffy's Motion.

23  ///

24

25          ──────────────

26          [1]The Court issues this order during the COVID-19 pandemic, as a novel
    coronavirus is killing many people around the world, and many governments, including
27  the governments of the United States and Nevada, have at least partially shut down their
    societies and economies in response.

28          [2]The government opposes his release. (ECF No. 158.) McDuffy also filed a reply
    in support of his Motion. (ECF No. 162.)

## II.    BACKGROUND

On August 17, 2016, McDuffy was convicted by a jury of one count of bank robbery with dangerous weapon resulting in death, and one count of using a firearm during a crime of violence causing death. (ECF No. 116.) At the age of 66, McDuffy entered a Bank of America, where he threatened a bank teller with a gun. (ECF No. 158 at 2.) Bank customer Charles Sperry attempted to intervene, and McDuffy shot and killed him. (*Id.*) McDuffy left the bank with over $13,000 and was arrested by a Reno police officer shortly after. (*Id.*) On December 5, 2016, the Court sentenced McDuffy—at age 69—to life in prison. (ECF No. 126 at 2.)

McDuffy seeks release because his preexisting medical conditions make him particularly vulnerable to COVID-19. (ECF No. 155.) McDuffy is now 73 years old. (*Id.* at 1.) He has stage four chronic kidney disease, hypertension, sickle cell trait, and schizophrenia.[3] (*Id.* at 7-12.) McDuffy filed a request for compassionate release with the warden of USP McCreary on June 26, 2020. (ECF No. 155-1.) More than 30 days elapsed between the time McDuffy submitted his compassionate release request to the Warden and when he filed this Motion. (*Id.*) The government does not dispute this medical history but opposes his Motion.

## III.    LEGAL STANDARD

McDuffy specifically seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF No. 155 at 3.) This provision offers McDuffy a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the BOP to bring such a motion on her behalf and

---

[3]These conditions existed at the time of sentencing except that McDuffy's kidney disease was at stage three.

2

1    exhausted all administrative rights to appeal the BOP's denial of that request." *U.S. v.*

2    *Mogavero*, Case No. 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13,

3    2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, before granting such a request, the

4    Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are

5    applicable,' and any sentence reduction must be 'consistent with applicable policy

6    statements issued by the Sentencing Commission.'" *Id.* (citations omitted).

7    **IV.    DISCUSSION**

8         The Court follows a three-step process to evaluate the Motion. The Court first

9    addresses whether McDuffy has satisfied the statutory prerequisites under Section

10   3582(c)(1)(A), then whether McDuffy has shown "extraordinary and compelling reasons"

11   for the Court to release him under Section 3582(c)(1)(A)(i), and then addresses the

12   applicable sentencing factors and policy statements, as it must under Section

13   3582(c)(1)(A). To reiterate, the Court agrees with the government that the applicable

14   sentencing factors and policy statements do not weigh in favor of releasing McDuffy, and

15   thus the Court will deny his Motion.

16       **A.    Statutory Prerequisites**

17         Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for

18   compassionate release on the defendant's behalf before filing such a motion with the

19   Court, normally done by submitting a request to the warden. *See* 18 U.S.C. §

20   3582(c)(1)(A). In addition, a defendant may only bring a motion under Section

21   3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal

22   a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

23   of 30 days from the receipt of such a request by the warden of the defendant's facility,

24   whichever is earlier[.]" *Id.*[4]

25         There is no dispute that McDuffy has satisfied these prerequisites by filing a

26   request with the warden of USP McCreary on June 26, 2020 and then waiting 30 days

27   _____

28       [4]The Court has found the 30-day waiting period cannot be waived. *See U.S. v. Kauwe*, Case No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2475792, at *4 (D. Nev. May 13, 2020).

1   before filing his Motion. (ECF Nos. 155-1, 158 at 5 ("The government agrees that McDuffy

2   has satisfied the statutory requirements for filing a motion for compassionate release in

3   this Court.").) Thus, McDuffy has satisfied the statutory prerequisites.

4          **B.     Extraordinary and Compelling Reasons**

5          Having found McDuffy satisfied the statutory prerequisites, the Court moves on to

6   the merits of McDuffy's compassionate release request. To prevail on the "extraordinary

7   and compelling reasons" prong of the analysis, McDuffy must establish: (1) the

8   combination of his age and underlying health conditions elevate his risk of becoming

9   seriously ill were he to contract COVID-19; and (2) he faces greater risk from COVID-19

10  if he continues to be housed at his current facility instead of being released. *See, e.g.*,

11  *U.S. v. Kauwe*, Case No. 3:14-cr-00044-MMD-WGC, ECF No. 568 at 4 (D. Nev. Aug. 10,

12  2020).

13         The Court assumes without deciding that the combination of McDuffy's age, stage

14  four liver disease, hypertension, mental health, and sickle cell trait constitute

15  extraordinary and compelling reasons to grant his compassionate release request. The

16  government agrees that "due to the combination of the pandemic and McDuffy's chronic

17  kidney disease, he satisfies the 'extraordinary circumstances' prong of the statutory

18  analysis." (ECF No. 158 at 5 (citations omitted).) The Court thus finds McDuffy's argument

19  on this prong colorable but not determinative, so will not address it in much depth here.

20         **C.     Section 3553(a) Factors**

21         The Court must next consider the factors set forth in Section 3553(a) to the extent

22  they are applicable. These factors include: (1) the nature and circumstances of the

23  offense and the history and characteristics of the defendant; (2) the need for the sentence

24  imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the

25  sentencing range established in the Sentencing Guidelines; (5) any pertinent policy

26  statement issued by the Sentencing Commission;[5] (6) the need to avoid unwarranted

27  _____

28         [5]Because the Sentencing Commission never released guidelines with respect to
    compassionate release under the First Step Act, Section 3553(a)(5)'s pertinent policy

4

1   sentence disparities among defendants with similar records who have been found guilty

2   of similar conduct; and (7) the need to provide restitution to any victims. *See* 18 U.S.C. §

3   3553(a)(1)-(7). As to the Section 3553(a)(2) factor, the need for a sentence must be

4   sufficient, but not greater than necessary, to serve the purpose of "just punishment,

5   deterrence, protection of the public, and rehabilitation." *Dean v. U.S.*, 137 S. Ct. 1170,

6   1175 (2017) (citation and internal quotation marks omitted).

7           McDuffy argues the following reasons favor his release: (1) he is no longer a

8   danger to the community because he is now 73 years old and in extremely poor health;

9   (2) he would spend 120 days in a halfway house and be eligible for services from the

10  Veteran's Administration ("VA") upon release; (3) he is willing to be on home confinement;

11  (5) he will have lifetime supervision; and (5) a reduction in the sentence will not diminish

12  the seriousness of his offense or place the public in danger. (ECF Nos. 155 at 20-22, 162

13  at 3.)

14          In contrast, the government argues that McDuffy's life sentences were necessary

15  to serve the goals of sentencing under 18 U.S.C. § 3553(a), and release would both

16  undermine those goals and endanger the public. (ECF No. 158 at 6.) The government

17  more specifically argues: (1) neither his advanced age (66 at the time of the offense) nor

18  his sentence have deterred him from committing violent criminal acts, so incarceration is

19  the only way to protect the community; (2) releasing him will not deter future criminal

20  conduct given his extensive criminal history including assault, theft, robbery, and other

21  crimes; (3) several of McDuffy's victims' family members oppose his release and would

22  view it as a miscarriage of justice; and (4) McDuffy has not provided a satisfactory release

23  plan. (*Id.* at 6-9.)

24          McDuffy replies to some of these points. He specifically argues that he will not be

25  a danger to the community because the Court can place him in a halfway house for 120

26  days, and then on home confinement followed by lifetime supervised release. (ECF No.

27

28  statement factor is neutral. *See U.S. v. Regas*, Case No. 3:91-cr-57-MMD-NA-1, 2020
    WL 2926457, at *4 n.7 (D. Nev. June 3, 2020) (citation omitted).

162 at 3.) He also argues that other courts have released people convicted of violent offenses involving firearms. (ECF No. 155 at 21.) Furthermore, he argues that his mandatory life sentence does not curtail the Court's discretion, and points to other courts that have released those serving life sentences. (*Id.* at 22, 162 at 2.) Finally, he argues that the Court should disregard statements from the victim's family members because they were improperly submitted. (ECF No. 162 at 4.)

The Court must consider the Motion both in light of McDuffy's susceptibility to COVID-19, which goes to the "extraordinary and compelling reasons" prong of the analysis, but also consider the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the Court consider the Section 3553(a) factors). The Court finds the arguments the government raises as to the Section 3553(a) factors far more persuasive than McDuffy's.

Beginning with the nature and circumstances of the offense, the Court must consider that McDuffy killed a decorated Major of the United States Marine Corps who attempted to intervene during McDuffy's commission of an armed robbery. *See* 18 U.S.C. § 3553(a)(1) (specifying this is a factor the Court must consider). His offenses were incredibly serious. The Court therefore agrees with the government that the nature and circumstances of the offense weigh against releasing him.

Moving on to the history and characteristics of McDuffy, *see id.* (specifying this is a factor the Court must consider), McDuffy's argument that he is not a danger to the community is unpersuasive. Although McDuffy is now 73 years old, he was 66 years old when he committed the current offense. Thus, his advanced age does not weigh in favor of release because he has shown that his older age does not deter him from committing criminal acts. Furthermore, McDuffy has a history of criminal convictions stretching back to 1967, when he was 20. (ECF No. 158 at 3.) From 1967 until the current offense in 2016, McDuffy was convicted of several felonies, including violent felonies: assault with deadly weapon, assault by means of force likely to produce great bodily injury, and grand

theft from a person. (*Id.* at 3-4.) Thus, McDuffy's history and characteristics also weigh against release.

The Court also agrees with the government when analyzing the need for the sentence imposed. As the Court found at sentencing, the seriousness of McDuffy's crimes weighs against his release. *See* 18 U.S.C. § 3553(a)(2)(A). There is no new information to indicate that McDuffy's circumstances have changed significantly enough for the Court to reconsider the sentence it initially imposed. Furthermore, 18 U.S.C. § 3553(a)(2)(D) is either neutral or weighs against McDuffy. His history of poverty and chronic homelessness makes it unlikely that he will get better medical care outside of USP McCreary. Although he would be eligible to receive care through the VA were the Court to release him, the care the VA could offer is likely insufficient to care for a man with his range of serious health conditions. This unfortunate reality renders the Court unconvinced McDuffy's proposed release plan weighs in favor of release.

Finally, the Court agrees with the government that 18 U.S.C. § 3553(a)(2)(C) weighs in favor of denying McDuffy's Motion. As discussed above, McDuffy has a history of violent conduct. Thus, the Court finds the government's argument regarding protection of the public persuasive. McDuffy committed a violent felony at 66, and nothing in the record convinces the Court he is unlikely to commit another violent felony at 73. And although other courts have released defendants with life sentences or violent felony convictions, the Court finds that the combination of McDuffy's criminal history with the relatively little amount of time he has served on his sentence thus far weighs against release.

In sum, the Court finds that the Section 3553(a) factors weigh determinatively against releasing McDuffy even given the extraordinary and compelling circumstances he has presented. The Court will therefore deny his Motion.

///

///

///

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that McDuffy's motion for compassionate release (ECF No. 155) is denied.

DATED THIS 4th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE