UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. VAN MCDUFFY, Defendant. | Case No. 3:13-cr-000108-MMD-VPC ORDER |

## I. SUMMARY

Defendant Van McDuffy is serving two consecutive life sentences at Butner Federal Correctional Complex ("Butner") for one count of bank robbery with a dangerous weapon resulting in death, and one count of using a firearm during a crime of violence causing death. (ECF No. 126 at 2.) Before the Court is McDuffy's pro se motion[1] for a reduced sentence and compassionate release.[2] (ECF No. 168 ("Motion").) Given McDuffy's significant medical issues, the Court agrees with McDuffy that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of releasing him. Therefore, and as further explained below, the Court will grant McDuffy's Motion.

## II. BACKGROUND

On August 17, 2016, McDuffy was convicted by a jury of one count of bank robbery with dangerous weapon resulting in death, and one count of using a firearm during a crime of violence causing death. (ECF No. 116.) At the age of 66, McDuffy entered a

[1]The Federal Public Defender filed a supplement to McDuffy's Motion. (ECF No. 187.)

[2]In November 2020, the Court denied McDuffy's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic as applied to his health and particular circumstances. (ECF No. 164.)

Bank of America, where he threatened a bank teller with a gun. (ECF No. 158 at 2.) Bank customer Charles Sperry attempted to intervene, and McDuffy shot and killed him. (*Id.*) McDuffy left the bank with over $13,000 and was arrested by a Reno police officer shortly after. (*Id.*) On December 5, 2016, the Court sentenced McDuffy—at age 69—to life in prison. (ECF No. 126 at 2.)

McDuffy seeks release because he is suffering from a terminal illness. (ECF No. 168 at 7.) McDuffy is now 78 years old. (ECF No. 187 at 16.) He has been diagnosed with a solid tumor cancer that has metastasized to his bones. (*Id.* at 8.) At the time of the government's response, he was not expected to live past the next 18 months. (ECF No. 190 at 8.) He also suffers from hypertension and stage five chronic kidney disease.[3] (ECF No. 187 at 8.) McDuffy filed a request for compassionate release with the warden of Butner on August 13, 2025. (ECF No. 168 at 25.) More than 30 days elapsed between the time McDuffy submitted his compassionate release request to the Warden and when he filed this Motion. (*Id.*) The government does not dispute this medical history but opposes his Motion.

## III. LEGAL STANDARD

McDuffy specifically seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF No. 155 at 3.) This provision offers McDuffy a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the BOP to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *U.S. v. Mogavero*, Case No. 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13,

[3] At the time of sentencing, McDuffy suffered from stage three chronic kidney disease, hypertension, sickle cell trait, and schizophrenia. The briefs indicate that McDuffy may also suffer from stage five liver disease. (ECF No. 190 at 7-8.)

2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, before granting such a request, the Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citations omitted).

## IV. DISCUSSION

The Court follows a three-step process to evaluate the Motion. The first step requires addressing whether McDuffy has satisfied the statutory prerequisites under Section 3582(c)(1)(A). The Court then address whether McDuffy has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i) and then addresses the applicable sentencing factors and policy statements, as it must under Section 3582(c)(1)(A). To reiterate, the Court agrees with McDuffy that the applicable sentencing factors and policy statements weigh in favor of releasing McDuffy, and thus the Court will grant his Motion.

### A. Statutory Prerequisites

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the Court, normally done by submitting a request to the warden. *See* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*[4]

There is no dispute that McDuffy has satisfied these prerequisites by filing a request with the warden of Butner on August 13, 2025 and then waiting 30 days before filing his Motion. (ECF Nos. 168 (filed on September 22, 2025), 190 at 7 ("The government concedes that Defendant has satisfied the statutory, jurisdictional requirements under

---

[4]The Court has found the 30-day waiting period cannot be waived. *See U.S. v. Kauwe*, Case No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2475792, at *4 (D. Nev. May 13, 2020).

section 3582(c) for filing the instant Motions.").) Thus, McDuffy has satisfied the statutory prerequisites.

**B. Extraordinary and Compelling Reasons**

Having found McDuffy satisfied the statutory prerequisites, the Court moves on to the merits of McDuffy's compassionate release request. The government concedes that McDuffy's significant medical circumstances, particularly his terminal cancer diagnosis, qualify as extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(1)(A). The Court thus finds McDuffy has established extraordinary and compelling circumstances warranting a sentence reduction.

**C. Section 3553(a) Factors**

The Court must next consider the factors set forth in Section 3553(a) to the extent they are applicable. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a)(1)-(7). As to the Section 3553(a)(2) factor, the need for a sentence must be sufficient, but not greater than necessary, to serve the purpose of "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. U.S.*, 137 S. Ct. 1170, 1175 (2017) (citation and internal quotation marks omitted).

McDuffy, who has now served nearly 10 years of his life sentence, argues the Section 3553(a) factors favor his release. He argues that he is not a risk to the community because he is 78 years old and in such poor health that he has limited mobility and would likely need to reside in a facility that could provide consistent medical care. (ECF No. 187 at 14.) He is also still amendable to a lifetime of supervised release. (*Id.*) He states that he would like to be released to Kansas where he would find support from the mitigation

specialist on his case with whom he has maintained contact. (*Id*. at 14-15.) A social worker with the Federal Public Defender is working to build McDuffy's release plan. (*Id*. at 15.) But McDuffy states that this Court must grant compassionate release before the Bureau of Prisons will release the documentation necessary for McDuffy to finalize the plan. (*Id*. at 15-16.) McDuffy states that he is amendable to his release being stayed "until the parties can work collaboratively to find suitable housing." (ECF No. 187 at 16.)

In contrast, the government argues that McDuffy is still a danger to the community and emphasizes his extensive criminal history. (ECF. 190 at 9.) The government also states that the victim's family still opposes McDuffy's release. (*Id*.)

The Court finds McDuffy's arguments persuasive. The Court recognizes that the nature and circumstances of McDuffy's crime are severe. But McDuffy is now 78 years old, terminally ill, and has limited mobility. The Court finds that he is not likely to pose a significant danger to the community upon his release, especially as it is likely that he will be released to live in a facility that can accommodate his medical needs. As for the sentence imposed, McDuffy has now served nearly a decade of his life sentences. Particularly given McDuffy's prognosis, the Court finds that the need for the sentence imposed has been satisfied and this factor does not weigh against release.

In sum, the Court finds that the Section 3553(a) factors weigh in favor of releasing McDuffy given the extraordinary and compelling circumstances he has presented, specifically his terminal illness. The Court will therefore grant his Motion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that McDuffy's motion for compassionate release (ECF No. 168) is granted. The Court reduces McDuffy's sentence to time served, with lifetime supervised release.

It is further ordered that the judgment of conviction be amended to reflect a reduction of sentence to time served, with lifetime supervised release to follow.

The Court directs the Probation Department to make a recommendation to the Court within fourteen days of this Order detailing appropriate conditions of supervised release.

DATED THIS 24th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE